**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEELCAST LIMITED, an Indian Corporation, as a member of STEELCAST LLC, an Illinois LLC, and derivatively on behalf of STEELCAST LLC, | ) ) ) ) ) ) | No. 17 CV 6623 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| VAUGHAN W. MAKARY, | ) ) ) | June 25, 2019 |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

This dispute arises out of a joint venture between Plaintiff Steelcast Limited and Defendant Vaughan W. Makary ("Makary"). According to the amended complaint, the parties formed Steelcast LLC in 2010 to sell in the United States steel castings Plaintiff was manufacturing in India. (R. 8, Am. Compl. ¶¶ 6-7.) Plaintiff and Makary & Associates, Inc. were Steelcast LLC's only members, and Makary served as Steelcast LLC's manager. (*Id.* ¶ 4.) On September 14, 2017, Plaintiff brought this action as a member of Steelcast LLC, alleging that Makary breached his fiduciary duties to both Plaintiff and Steelcast LLC. (*Id.* ¶¶ 22-26.)

On March 5, 2019, Makary moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), (R. 46), and two months later the parties consented to this court's jurisdiction. (R. 51); *see* 28 U.S.C. § 636(c). This court does not rule on Makary's Rule 12(b)(6) motion, but for the following reasons,

Plaintiff's complaint is dismissed without prejudice for lack of subject-matter jurisdiction:

**Analysis**

The Federal Rules of Civil Procedure require a court to dismiss an action if it determines "at *any time* that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Johnson v. Nat'l Asset Advisors, LLC*, __ Fed. Appx. __ (7th. Cir. June 19, 2019) (dismissing on appeal where plaintiffs-appellants failed to establish subject-matter jurisdiction). Accordingly, when subject-matter jurisdiction is in question, courts are "obligated to consider *sua sponte* issues that the parties have disclaimed or not presented," *Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012), and may do so "at any point in the proceedings," *Levin v. Attorney Registration & Disciplinary Comm'n of Sup. Ct. of Ill.*, 74 F.3d 763, 766 (7th. Cir. 1996). Thus, even though Makary has not argued that subject-matter jurisdiction is lacking, this court now raises the issue *sua sponte*. Because this ruling comes at the pleadings stage, the court must determine whether "well-pleaded factual allegations plausibly suggest a claim of subject-matter jurisdiction." *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

Plaintiff alleges jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (R. 8, Am. Compl. ¶ 5.) The subject-matter jurisdiction provided by 28 U.S.C. § 1332(a)(1) confers jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. The Supreme Court has interpreted this grant of jurisdiction to require complete diversity between the

parties. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990). Complete diversity means "that no plaintiff may be from the same state as any defendant," *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009) (quotation and citation omitted). Section 1332(a)(2) confers jurisdiction over actions between citizens of a state and citizens of a foreign state where the amount in controversy exceeds $75,000. However, Section 1332(a)(3) "does not permit a suit between foreigners and a mixture of citizens and foreigners." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993).

As an initial matter, Plaintiff does not establish subject-matter jurisdiction because it does not plead the parties' citizenship. Under Section 1332, a natural person's citizenship is defined by the person's domicile, meaning "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th. Cir. 2002). Merely pleading residence is insufficient and grounds for dismissal. *See Adams v. Catrambone*, 359 F.3d 858, 866 n.3 (7th Cir. 2004) ("When the parties allege residence but not citizenship, the [district] court must dismiss the suit.") (quotation and citation omitted). For corporations, citizenship exists both in the state of incorporation, as well as the state where the corporation has its principle place of business. 28 U.S.C. § 1332(c)(1); *see also Fellowes v. Changzhou Xinrui Fellowes Office Equip. Co. Ltd.*, 759 F.3d 787, 788 (7th Cir. 2014). The Supreme Court has defined principle place of business to mean the corporation's nerve center, usually its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

In its amended complaint, Plaintiff identifies itself as an Indian corporation and lists an address in India where the corporation is located. (R. 8, Am. Compl. ¶ 1.) Plaintiff may well be a citizen of India, but location is not synonymous with citizenship. Without any well-pleaded facts regarding Plaintiff's place of incorporation and principle place of business, citizenship is not established. Plaintiff further alleges Makary is a resident of Illinois, (*Id.* ¶ 3), but says nothing about where Makary is domiciled. The confusion is heightened because Plaintiff requests equitable liens on Makary's properties not only in Illinois, but also in Florida. (*Id.* ¶ 36.) By only pleading Plaintiff's location and Makary's residence, but not their citizenship, Plaintiff's amended complaint fails to establish diversity jurisdiction under Section 1332.

Even if Plaintiff were to clarify the citizenship of the parties, there is a second jurisdictional defect relating to Steelcast LLC. Plaintiff filed its complaint "as a member of" and "on behalf of Steelcast LLC." Plaintiff alleges that it has authority to bring this derivative action under Illinois law. (R. 8, Am. Compl. ¶ 19 (citing 805 ILCS 180/40-5).) When a derivative claim grounded in state law is brought in federal court under diversity jurisdiction, the court must consider the citizenship of the limited liability company on behalf of whom the action is brought. *See Gen. Tech. Applications, Inc. v. EXRO LTDA*, 388 F.3d 114, 120 (4th Cir. 2004); *Hanson v. Riggs*, No. 14 CV 6051, 2015 WL 1281189, at *4 (N.D. Ill. March 17, 2015). Unlike corporations, the citizenship of a limited liability company is defined by "the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d

989, 992 (7th Cir. 2007). Thus, the court must determine whether complete diversity exists between Plaintiff and Steelcast LLC on one side of the diversity jurisdiction equation and Makary on the other.

Steelcast LLC's only two members are Plaintiff and Makary & Associates, Inc. (R. 8, Am. Compl. ¶ 4.) Plaintiff does not plead its own or Makary & Associates, Inc.'s state of incorporation or principal place of business. Instead, Plaintiff merely asserts that it is an Indian corporation and Makary & Associates, Inc. is an Illinois corporation. As discussed above, threadbare statements of a corporation's location do not establish citizenship. But assuming that Plaintiff is correct, Steelcast LLC would be a citizen of both India and Illinois. This would violate the complete diversity requirement of Section 1332 because Steelcast LLC and Makary may both be citizens of Illinois. Thus, based on the allegations in the amended complaint, complete diversity is broken with respect to any claims Plaintiff brings derivatively on behalf of Steelcast LLC.

Changing the alignment of Steelcast LLC does not cure the jurisdictional defect. While Plaintiff places Steelcast LLC on the plaintiff's side of its complaint, in derivative actions, "[g]enerally, the represented entity . . . is aligned as a defendant." *See EXRO*, 388 F.3d at 120. Even if Plaintiff named Steelcast LLC as a defendant, however, jurisdiction still would be lacking because Plaintiff and Steelcast LLC may both be citizens of India. In a scenario in which Steelcast LLC were realigned as a defendant, the case would present an Indian plaintiff suing Indian and Illinois citizens. That would violate Section 1332(a)(3), which bars suits between foreigners

5

and a mix of citizens and foreigners. *See Allendale*, 10 F.3d at 428. Put another way, because this suit appears to involve an Indian plaintiff, an Illinois defendant, and a limited liability company that is a citizen of both India and Illinois, regardless of Steelcast LLC's alignment, complete diversity does not appear to be possible. In any event, the current pleadings do not establish that subject-matter jurisdiction exists in this court.

It does appear that some of Plaintiff's claims may be individual and not derivative. Counts I, IV, and VI derive from Plaintiff's allegations that Makary, in his role as manager of Steelcast LLC, failed to remit money held by the LLC and owed to Plaintiff. (R. 8, Am. Compl. ¶ 13.) If Plaintiff chooses to amend its complaint, it may demonstrate that it has standing to bring its claims individually and try to show that Steelcast LLC is not an indispensable party. Nonetheless, on the current pleadings, Plaintiff does not even establish the citizenship of Plaintiff and Makary, much less plead whether Steelcast LLC is an indispensable party.

## Conclusion

For the foregoing reasons, Plaintiff's amended complaint is dismissed without prejudice for lack of subject matter jurisdiction.

                                 **ENTER:**

                                 **Young B. Kim**
                                 **United States Magistrate Judge**