IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEELCAST LIMITED, an Indian Corporation, as a member of STEELCAST LLC, an Illinois LLC, and Derivatively on behalf of Steelcast LLC | ) ) ) ) | Case No. 17-CV-06623 |
| | ) | |
| Plaintiff | ) | Honorable Young B. Kim |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| VAUGHN MAKARY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | |
|---|---|
| VAUGHN MAKARY, | ) |
| | ) |
| Counter-Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| STEELCAST LIMITED, an Indian Corporation, | ) ) |
| | ) |
| Counter-Defendant | ) |

**DEFENDANT VAUGHN MAKARY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AND COUNTERCLAIMS**

Defendant/Counter-Plaintiff Vaughn Makary ("Makary"), by and through his counsel Ice Miller LLP, hereby submits the following Answers in response to the allegations contained in Plaintiff's Second Amended Complaint, asserts the following Affirmative Defenses to Plaintiff's Second Amended Complaint and alleges the following Counterclaims against Plaintiff/Counter-Defendant, Steelcast Limited, and in support of its answers, affirmative defenses and counterclaims states the following:

**ANSWER TO COMPLAINT**

**PARTIES AND JURISDICTION**

1.      Plaintiff, Steelcast Limited, is an Indian corporation, located on Ruvapari Road, Bhavnagar, Gujarat, India 364 005.  Steelcast Limited is a subject of India, which is a foreign state.

**ANSWER:**    Defendant admits the allegations contained in this Paragraph.

2.      Plaintiff, Steelcast LLC, is an Illinois Limited Liability Company and, therefore, a citizen of the State of Illinois.

**ANSWER:**    Defendant admits that the now dissolved Steelcast LLC was an Illinois

limited liability company.

3.      Vaughan W. Makary [*sic*], on information and belief, is a citizen of the State of Florida and resides at 8394 Del Prado Drive, Delray Beach, Florida.  Vaughn W. Makary is the President of Makary & Associates Inc., which is an Illinois Corporation and, therefore, a citizen of the State of Illinois.

**ANSWER:**    Defendant admits the allegations contained in this Paragraph.

4.      For all times relevant to this Complaint, Vaughan W. Makary [*sic*] was the sole Manager of Steelcast LLC.  Steelcast Limited is a 50% member of Steelcast LLC and Makary & Associates Inc. is the other 50% member of Steelcast LLC.

**ANSWER:**    Defendant admits that Vaughn W. Makary was the sole Manager of

Steelcast LLC throughout its existence, and that Steelcast Limited was a 50% member of

Steelcast LLC and Makary & Associates Inc. was the other 50% member of Steelcast LLC.

5.      The Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C Section 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of costs and interest.

**ANSWER:**    The allegations contained in this Paragraph state a legal conclusion to

which no answer is required.

**ADDITIONAL FACTS**

6.      On or about October 27, 2010, the Plaintiff and Makary & Associates, Inc., and Illinois Corporation, executed an Operating Agreement forming Steelcast LLC, a copy of which is attached hereto as Exhibit "A".

2

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

7. Pursuant to Articles 3.1 and 6.5 of the Operating Agreement, Vaughn Makary was to act at all times as the Manager of Steelcast LLC. The business of Steelcast LLC was the sale of steel castings in the United States that were being manufactured by Steelcast Limited in India.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

8. In his capacity as Manager of Steelcast LLC, Vaughn Makary was responsible for the day to day business of the LLC and managing the income and expenses of the LLC.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

9. Beginning in 2015, due to a loss of an important client, Steelcast LLC experienced greatly reduced sales and experienced financial losses.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

10. In May of 2015, Vaughn Makary proposed the immediate closure and dissolution of Steelcast LLC effective May 31, 2015, which was agreed upon by all members.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

11. As of the dissolution of Steelcast LLC on May 31, 2015, there were outstanding or open orders of steel castings that needed to be fulfilled by Steelcast Limited and the payment for these orders that needed to be collected. The amount to be paid by customers for the open orders was $770,004.63. Attached as Exhibit "B" is a listing of the open orders and invoicing details.

**ANSWER:** Defendant admits that there were outstanding and open orders to Steelcast LLC of steel castings that needed to be manufactured by Steelcast Limited as of May 31, 2015, and Defendant further admits that customers would continue to place new orders with Steelcast LLC after May 31, 2015. Payment of existing and new orders was to be collected for the benefit of Steelcast LLC, with money transferred to Steelcast Limited after Defendant collected his margin, as the parties agreed. Defendant denies all remaining allegations contained in this Paragraph.

12. As part of the dissolution, Vaughn Makary agreed that he would act as the agent of Steelcast Limited and collect the receivables subsequent to the delivery of the steel castings by Steelcast Limited, at no additional charge to Steelcast Limited, and then remit the receivables as collected to Steelcast Limited in India.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

13.    Upon information and belief, Vaughn Makary then collected the $770,004.63 in receivables due Steelcast Limited, but to date has only remitted $660,097.03, leaving a balance due to Steelcast Limited of $109,907.60 in collected receivables.

**ANSWER:**    Defendant denies the allegations contained in this Paragraph.

14.    Demand was then made by Steelcast Limited upon Vaughn Makary as the manager of Steelcast LLC and the agent of Steelcast Limited to pay the remaining $109,907.60 of receivables collected to Steelcast Limited, but Mr. Makary has failed to make the requested payment.

**ANSWER:**    Defendant admits that he received a letter demanding payment in the amount of $109,907.60, which reflected the total amount Steelcast Limited invoiced Steelcast LLC for outstanding amounts Steelcast Limited believed it was owed.  Defendant denies that $109,907.60 was an accurate number and further denies all remaining allegations contained in this Paragraph.

15.    After a review of certain financial records of Steelcast LLC after June 1, 2015, it was determined that Vaughn Makary had caused Steelcast LLC to pay $155,088.00 to Omnicast LLC and Advanced Casting Technology LLC, companies owned by Makary & Associates Inc. and Vaughn Makary.  Attached hereto as Exhibit "C" is a listing of the payments made by Steelcast LLC to Omnicast LLC after June 1, 2015.

**ANSWER:**    Defendant denies the allegations contained in this Paragraph.

16.    This finding lead to a review of additional records of Steelcast LLC for the years 2011, 2012, and 2013.  From a review of certain financial records of Steelcast LLC, it has been determined that Vaughn Makary has caused Steelcast LLC to make payments to other Vaughn Makary owned or related entities such as Michigan Steel Inc., Advanced Casting Technology LLC and his relatives in the amount of $753,836.17.  A listing of the payments for 2011 to 2013 are identified in the attached Exhibit "D".  These payments were wrongfully paid as Steelcast LLC had no legitimate reason to owe sums of money to these entities, and the Operating Agreement, in Article 6.1(F) disallows employment of family members of Vaughn Makary.

**ANSWER:**    The terms of the Operating Agreement attached to Plaintiff's complaint speak for themselves, and Defendant denies any allegations that misrepresent, misquote or mischaracterize those terms.  Defendant denies all remaining allegations contained in this paragraph.

17.    The payments identified in paragraph 15 and 16, were not proper payables of Steelcast LLC, and were paid to the Makary related entities in violation of Vaugh Makary's fiduciary duty to Steelcast LLC and its 50% member, Steelcast Limited.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

18. Michigan Steel Inc, Omnicast LLC, and Advanced Casting Technology LLC are all entities that were owned or operated by Vaughn Makary or Makary & Associates Inc. and all three entities have now been dissolved.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

19. Plaintiff has authority to bring a derivate action against Vaughn Makary as Mr. Makary is the only Manager of Steelcast LLC and therefore it is unlikely that Vaughn Makary will initiate an action against himself Further, the Plaintiff is a proper plaintiff pursuant to 805 ILCS 180/40.5 as Plaintiff was a 50% member of the LLC at all times relevant hereto. Pursuant to 805 ILCS 180/35-7 a member or manager of an LLC who, with knowledge of the dissolution, subjects a limited liability company to liability by an act that is not appropriate for winding up the company's business is liable to the company for any damage caused to the company arising from the liability.

**ANSWER:** The allegations contained in this Paragraph state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this Paragraph.

20. Pursuant to 805 ILCS 180/40-15, if a derivative action is successful, in whole or in part, or if anything is received by the plaintiff as a result of a judgment, compromise, or settlement of an action or claim, the court may award the plaintiff reasonable expenses, including reasonable attorney's fees, and shall direct the plaintiff to remit to the limited liability company the remainder of those proceeds received by the plaintiff.

**ANSWER:** The allegations contained in this Paragraph state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this Paragraph.

21. Vaughn Makary, as the manager of Steelcast LLC and as agent of Steelcast Limited, owed a fiduciary duty to Steelcast LLC and Steelcast Limited which includes a member owes to a member-managed company and its other a duty of loyalty, a duty to account to the company and to hold as trustee for it any property, profit, or benefit derived in the conduct or winding up of the company's business or derived from a use by the member of the company's property, including the appropriation of a company's opportunity.

**ANSWER:** The allegations contained in this Paragraph state a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in this Paragraph.

## COUNT I – BREACH OF FIDUCIARY DUTY- STEELCAST LTD.

22.     The Plaintiff re-alleges the allegations of paragraphs 1-21 of this Complaint as paragraph 22 of this Count I.

**ANSWER:**     Defendant re-alleges its answers to Paragraphs 1-21 and incorporates them

herein.

23.     By failing to remit the open account receivable balances that Vaughn Makary collected on behalf of Steelcast Limited in the amount of $109,907.60, Vaughn Makary breached his fiduciary duty owed to Steelcast Limited and personally profited in violation of his fiduciary duty to the detriment of Steelcast Limited.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

WHEREFORE, for the foregoing reasons, the Plaintiff prays for judgment in its favor and against Vaughn Makary in an amount not less than $109,907.60 plus costs of suit incurred herein.

**ANSWER:**     Defendant admits that Plaintiff prays for a judgment in its favor but denies

that Plaintiff would be entitled to any sort of judgment.   Defendant denies the remaining

allegations contained in this Paragraph.

## COUNT II – BREACH OF FIDUCIARY DUTY- STEELCAST LLC

24.     The Plaintiff re-alleges the allegations of paragraphs 1-21 of this Complaint as paragraph 24 of this Count I.

**ANSWER:**     Defendant re-alleges its answers to Paragraphs 1-21 and incorporates them

herein.

25.     By wrongfully paying funds of Steelcast LLC to entities owned or controlled by Vaughn Makary, Vaughn Makary has breached the fiduciary duty that he owed to Steelcast LLC as its manager and has damaged Steelcast LLC in the amount of at least $753,836.17 for wrongful payments from 2011 to 2013.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

26.     Vaughn Makary breached his fiduciary duty owed to Steelcast LLC and personally profited in violation of his fiduciary duty to the detriment of Steelcast LLC and its members.  Further, Vaughan Makary [*sic*] violated his fiduciary duty as codified in 805 ILCS 180/35-7 by making wrongful payments in the amount of $155,088.00 to Omnicast LLC after the dissolution of the LLC.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

WHEREFORE, for the foregoing reasons, the Plaintiff prays for judgment in its favor and against Vaughn Makary in an amount not less than $908,924.17, plus attorney's fees as provided by 805 ILCS 180/40-15 plus costs of suit incurred herein.

**ANSWER:**   Defendant admits that Plaintiff prays for a judgment in its favor but denies that Plaintiff would be entitled to any sort of judgment.  Defendant denies the remaining allegations contained in this Paragraph.

## COUNT III – CONSTRUCTIVE TRUST ON THE RESIDENCE ON BEHALF OF STEELCAST LLC

27.     The Plaintiff re-alleges the allegations of paragraphs 1-21 of this Complaint as paragraph 27 of this Count III.

**ANSWER:**   Defendant re-alleges its answers to Paragraphs 1-21 and incorporates them herein.

28.     On information and belief, beginning in 2013 after Makary wrongfully diverted funds from Steelcast LLC to himself through the entities that he owned and controlled, Makary spent the wrongfully acquired funds to renovate his residence at located at 7 S 461 Donwood Trail, Naperville, Illinois 60540 (the "Residence") in the amount of approximately $450,000. The legal description of the Residence is as follows:

*Lot 2 in Donwood Trails East, being a subdivision of part of Lots 1 and 2 L. D. Collins Assessment Plat and of Lot 1 in Russell's re-subdivision, in the South West quarter of Section 22, Township 38 North, Range 10, East of the Third Principal Meridian, according to the Plat of said Donwood Trails East, recorded October 28, 1976 as document R76-78168, and certificate of correction recorded January 24, 1977 as document R77-05730, in DuPage County, Illinois.*

*PIN 08-22-307-002*

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

29.     Makary is now attempting to profit from this renovation by selling the Residence which is now listed for sale for the sum of approximately $950,000.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

30.     Makary has thereby converted part of the funds that he wrongfully acquired from Steelcast LLC in breach of his fiduciary duty to improvement on the Residence, and Plaintiff therefore seeks to impose a constructive trust over the Residence, restricting the transfer of title to the residence to secure the requested judgment in the amount not less than $908,924.17

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

WHEREFORE, for the foregoing reasons, the Plaintiff prays for judgment in its favor and against Vaughn Makary in an amount not less than $908,924.17, plus attorney's fees as provided by 805 ILCS 180/40-15 plus costs of suit incurred herein and that this Court impose a constructive trust over the Residence in the amount of the judgment requested herein, and in the event the judgment is not satisfied permit the Plaintiff to foreclose its equitable lien and for any other and further relief this Court deems just and proper.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

## COUNT IV – CONSTRUCTIVE TRUST ON THE RESIDENCE ON BEHALF OF STEELCAST LIMITED

31. The Plaintiff re-alleges the allegations of paragraphs 1-21 of this Complaint as paragraph 31 of this Count IV.

**ANSWER:** Defendant re-alleges its answers to Paragraphs 1-21 and incorporates them

herein.

32. On information and belief, beginning in 2013 after Makary wrongfully diverted funds from Steelcast Limited to himself through the entities that he owned and controlled, Makary spent the wrongfully acquired funds to renovate his residence at located at 7 S 461 Donwood Trail, Naperville, Illinois 60540 (the "Residence") in the amount of approximately $450,000. The legal description of the Residence is as follows:

*Lot 2 in Donwood Trails East, being a subdivision of part of Lots land 2 L. D. Collins Assessment Plat and of Lot 1 in Russell's re-subdivision, in the South West quarter of Section 22, Township 38 North, Range 10, East of the Third Principal Meridian, according to the Plat of said Donwood Trails East, recorded October 28, 1976 as document R76-78168, and certificate of correction recorded January 24, 1977 as document R77-05730, in DuPage County, Illinois.*

*PIN 08-22-307-002*

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

33. Makary is now attempting to profit from this renovation by selling the Residence which is now listed for sale for the sum of approximately $950,000.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

34. Makary has thereby converted part of the funds that he wrongfully acquired from Steelcast Limited in breach of his fiduciary duty to improvement on the Residence, and Plaintiff therefore seeks to impose a constructive trust over the Residence, restricting the transfer of title to the Residence to secure the requested judgment in the amount not less than $109,907.60

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

WHEREFORE, for the foregoing reasons, the Plaintiff prays for judgment in its favor and against Vaughn Makary in an amount not less than $109,907.60, plus attorney's fees as provided by 805 ILCS 180/40-15 plus costs of suit incurred herein and that this Court impose a constructive trust over the Residence in the amount of the judgment requested herein, and in the event the judgment is not satisfied permit the Plaintiff to foreclose its equitable lien and for any other and further relief this Court deems just and proper.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

## COUNT V – CONSTRUCTIVE TRUST ON THE FLORIDA PROPERTY ON BEHALF OF STEELCAST LLC

35.     The Plaintiff re-alleges the allegations of paragraphs 1-21 of this Complaint as paragraph 35 of this Count V.

**ANSWER:**     Defendant re-alleges its answers to Paragraphs 1-21 and incorporates them

herein.

36.     On information and belief on or about October 13, 2013, Makary utilized the funds that he wrongfully obtained from Steelcast LLC to purchase the real estate commonly known as 8394 Del Prado Drive, Delray Beach, Florida 33446-9504.  (hereinafter the "Florida Property").  The Florida Property is legally described as follows:

*Lot 21, Delray Training Center P.UD. — Parcel H, according to the map or plat thereof as recorded in Plat Book 92, Pages 78 and 79, Public Records of Palm Beach County, Florida*

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

37.     Makary has thereby converted part of the funds that he wrongfully acquired from Steelcast LLC in breach of his fiduciary duty to purchase the Florida Property, and Plaintiff therefore seeks to impose a constructive trust over the Florida Property, restricting the transfer of title to the Florida Property to secure the requested judgment in the amount not less than $908,924.17

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

WHEREFORE, for the foregoing reasons, the Plaintiff prays for judgment in its favor and against Vaughn Makary in an amount not less than $908,924.17, plus attorney's fees as provided by 805 ILCS 180/40-15 plus costs of suit incurred herein and that this Court impose a constructive trust over the Florida Property in the amount of the judgment requested herein, and in the event the judgment is not satisfied permit the Plaintiff to foreclose its equitable lien and for any other and further relief this Court deems just and proper.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

## COUNT VI – CONSTRUCTIVE TRUST ON THE FLORIDA PROPERTY ON BEHALF OF STEELCAST LIMITED

38.     The Plaintiff re-alleges the allegations of paragraphs 1-21 of this Complaint as paragraph 38 of this Count VI.

**ANSWER:**     Defendant re-alleges its answers to Paragraphs 1-21 and incorporates them

herein.

39.     On information and belief on or about October 13, 2013, Makary utilized the funds that he wrongfully obtained from Steelcast Limited to purchase the real estate commonly known as 8394 Del Prado Drive, Delray Beach, Florida 33446-9504.  (hereinafter the "Florida Property").  The Florida Property is legally described as follows:

> *Lot 21, Delray Training Center P.UD. — Parcel H, according to the map or plat thereof as recorded in Plat Book 92, Pages 78 and 79, Public Records of Palm Beach County, Florida*

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

40.     Makary has thereby converted part of the funds that he wrongfully acquired from Steelcast Limited in breach of his fiduciary duty to purchase the Florida Property, and Plaintiff therefore seeks to impose a constructive trust over the Florida Property, restricting the transfer of title to the Florida Property and impose an constructive trust against title to the Florida Property in the amount not less than $109,907.60

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

WHEREFORE, for the foregoing reasons, the Plaintiff prays for judgment in its favor and against Vaughn Makary in an amount not less than $109,907.60, plus attorney's fees as provided by 805 ILCS 180/40-15 plus costs of suit incurred herein and that this Court impose a constructive trust over the Florida Property in the amount of the judgment requested herein, and in the event the judgment is not satisfied permit the Plaintiff to foreclose its equitable lien and for any other and further relief this Court deems just and proper.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

## AFFIRMATIVE DEFENSES

Makary asserts the following separate and additional defenses to the claims alleged in Plaintiff's complaint.  By alleging these affirmative defenses, Makary is not altering the burden of proof or burden of going forward with evidence which otherwise exists with respect to any particular issue in this case.  All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.  All defenses pled below are based upon Makary's current understanding of the claims asserted by Plaintiff, and Makary reserves the right to plead additional defenses when and if they become appropriate and/or available in this action:

## FIRST AFFIRMATIVE DEFENSE

**<u>Laches</u>**: Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because, among other things, Makary disclosed all decisions he made to Plaintiff, and Steelcast LLC's books and records have always been open and available for Plaintiff's review.  Plaintiff did not object to any of Makary's decisions over the course of many years, nor did Plaintiff conduct any due diligence prior to asserting its claims against Makary.  Makary has been prejudiced by Plaintiff's unreasonable delay in seeking redress, asserting its rights and filing claims for breach of fiduciary duty and other counts after having full knowledge of the facts upon which Plaintiff's claims are based.

## SECOND AFFIRMATIVE DEFENSE

**<u>Waiver</u>**: Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver because, among other things, Makary disclosed all decisions he made to Plaintiff, and Steelcast LLC's books and records have always been open and available for Plaintiff's review.  In fact, Plaintiff had full knowledge of all material facts upon which its claims are based.  Plaintiff ultimately pursued a course of conduct that sufficiently evidenced an intention to waive its rights

and claims against Makary and has displayed conduct that is consistent with the intention to waive its rights and claims.

### THIRD AFFIRMATIVE DEFENSE

**Unclean Hands**: Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands because, among other things, Plaintiff has filed baseless constructive trust claims and associated Lis Pendens in Illinois and Florida, thereby misrepresenting and creating an improper cloud on the title of Makary's personal properties in those states, for the purposes of embarrassment and to pressure Makary to settle Plaintiff's claims instead of litigating them.

### FOURTH AFFIRMATIVE DEFENSE

**Statute of Limitations**: Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitations because, among other things, Plaintiff had full knowledge of all material facts upon which its claims are based, many of which relate to the parties' relationship starting in 2010 and 2011.

### FIFTH AFFIRMATIVE DEFENSE

**Acquiescence**: Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence because, among other things, Plaintiff actively represented the amount of money it should be owed for unpaid invoices but nevertheless inexcusably delayed the assertion of its rights and claims for even more money than it actively represented, thereby causing Makary undue prejudice.

### SIXTH AFFIRMATIVE DEFENSE

**Good faith**: Makary at all times acted in good faith, with Plaintiff's approval and with a reasonable belief that his actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to Plaintiff.

WHEREFORE, based on the foregoing answer to Plaintiff's allegations and on the

affirmative defenses that Makary has asserted, Makary respectfully requests that the Court dismiss Plaintiff's claims with prejudice and grant Makary all other and further relief that the Court deems proper.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff Vaughn Makary ("Makary"), by and through his counsel Ice Miller LLP, hereby asserts the following Counterclaims against Plaintiff/Counter-Defendant Steelcast Limited ("Steelcast Limited"), and in support states the following:

## NATURE OF THE COUNTERCLAIMS

1.      These counterclaims allege slander of title and abuse of process.  Steelcast Limited has filed baseless and false claims for constructive trust, alleging "on information and belief" that Makary used the funds of Steelcast LLC to make improvements on his personal residence in Naperville, Illinois and to purchase certain personal property in Florida.

2.      Steelcast Limited, through its principal Chetan Tamboli, knows these allegations are false.  Indeed, Steelcast Limited conveniently fails to allege the "information" underlying its "belief" of such allegations.  But nevertheless, based on these baseless claims for constructive trust, Steelcast Limited intentionally and maliciously recorded a Lis Pendens against Makary's personal residences, thereby slandering and clouding Makary's title to his personal properties and causing him damages, all in the hopes of "squeezing" Makary and his family and forcing them to settle its claims.

## PARTIES AND JURISDICTION

3.      Steelcast Limited, is an Indian corporation, located on Ruvapari Road, Bhavnagar, Gujarat, India 364 005.  Steelcast Limited is a subject of India, which is a foreign state.

4.      Makary resides at 8394 Del Prado Drive, Delray Beach, Florida.  Makary is a citizen of Florida.

## ADDITIONAL ALLEGATIONS

5. Steelcast LLC was in the business of selling steel castings in the United States. To fulfill customer orders, Steelcast LLC would purchase steel castings from Steelcast Limited, which manufactured the castings in India.

6. Makary served as the managing member of Steelcast LLC. Makary did not receive a salary for his work as the managing member. He did not receive distributions, he did not receive bonuses and he did not receive any compensation whatsoever from Steelcast LLC. Steelcast Limited knew this. In fact, it was rare that Steelcast LLC made any money. Steelcast LLC had modest earnings in two of the years it operated but otherwise struggled.

7. The parties agreed to dissolve Steelcast LLC in May 2015. But the parties also agreed to fulfill any outstanding orders on behalf of Steelcast LLC, and to accept and fulfill any new orders that Steelcast LLC continued to receive. When Steelcast LLC finally stopped operating, Steelcast Limited demanded that Makary pay some $109,907.60 to Steelcast Limited, a number that was totally inaccurate.

8. Putting aside the accuracy of Steelcast Limited's demand, this dispute ultimately came down to who-owed-who-what at the end of the relationship. And the reality is there was no money left in Steelcast LLC to distribute to its members. Steelcast LLC had no cash. Steelcast Limited just couldn't accept this, so it resorted to intentional and malicious litigation tactics to "squeeze" Makary for the money Steelcast Limited believed it was owed.

9. Steelcast Limited knew it was wrong.

10. Steelcast Limited refused to recognize and take into account that Steelcast LLC had paid United States taxes for two prior years on behalf of Steelcast Limited based on earnings from Steelcast LLC. Steelcast Limited knew and agreed that the Steelcast LLC would pay Steelcast Limited's taxes, and Steelcast LLC did pay those taxes, as agreed. That wasn't free

money. Steelcast Limited of course owed that money to Steelcast LLC.

11.     Steelcast Limited also refused to recognize and take into account the amount of work it took to manage and fulfill the outstanding and new orders that Steelcast LLC received around and after March 2015. Steelcast LLC incurred costs for fulfilling those orders. And at the end of the day, Steelcast LLC couldn't pay Steelcast Limited's unreasonable monetary demand, so Steelcast Limited sued Makary, personally, for the money.

12.     The crux of Steelcast Limited's claims is that Makary allegedly breached his fiduciary duties to Steelcast LLC and Steelcast Limited. This case has nothing to do with Makary's personal properties. Makary renovated or purchased his personal properties in Illinois and Florida with his own, family money. Steelcast Limited knows this. Chetan Tamboli stayed with Makary in Illinois at his personal residence in October, 2010, just before Makary renovated the home. And Tamboli knew about the renovations to Makary's home in Illinois in 2011 and 2012, but never once inquired how Makary was paying for the renovations, nor did Tamboli complain or accuse Makary of using Steelcast LLC's money. Tamboli knew that simply wasn't the case.

13.     Yet, to apply pressure in this litigation, Steelcast Limited filed four Constructive Trust claims (Counts III – VI) against Makary, alleging "on information and belief" that Makary used Steelcast LLC's funds to renovate his home in Illinois and to buy a house in Florida. These allegations, supported by nothing more than the phrase "on information and belief," are totally false. Steelcast Limited knew they were false.

14.     Undeterred, on November 3, 2017, Steelcast Limited recorded a Lis Pendens against Makary's personal residences in Illinois and Florida, recording notice of this litigation against Makary for breach of fiduciary duty, but describing the nature of the action as a "Lien foreclosure." Attached to these Counterclaims as **Exhibit 1** is a Chicago Title Insurance

Company ALTA Commitment for Title Insurance dated February 23, 2018, reflecting on Page 5 Plaintiff's Lis Pendens and description of the action.

15.    Makary owned and held valid title to his personal residences in Illinois and Florida at the time Steelcast Limited recorded a Lis Pendens against those properties.  As a result of the Lis Pendens in Illinois, Makary was unable to sell his property for many years, and even after a deal for the property closed in or around July 2019, Makary still does not have access to his equity in the property.  As a result of the Lis Pendens in Florida, Makary is unable to fully enjoy the use of his property.

**COUNT I**
**(Slander of Title)**

16.    Makary re-alleges and incorporates by reference Paragraphs 1 through 15 of these Counterclaims as though the allegations have been fully set forth in this Paragraph.

17.    Steelcast Limited's recording of the Lis Pendens in Illinois and Florida, based solely on its baseless and false claims for Constructive Trust, constitute public filings, which are false and have been published to impugn Makary's title to his personal properties.

18.    Makary owned and had valid title to his properties in Illinois and Florida at the time Steelcast Limited recorded a Lis Pendens against those properties.

19.    Steelcast Limited acted maliciously when recording the Lis Pendens in Illinois and Florida, with the intent to deceive potential buyers and mortgage holders of Makary's properties and to create a cloud on Makary's title to those properties.

20.    As a direct and proximate cause of Steelcast Limited's malicious recording of Lis Pendens in Illinois and Florida, Makary suffered compensatory, economic and other damages in many ways, including the diminution of fair market value, delays in selling the properties, inability to re-finance mortgages, incurring legal fees and litigation expenses to remove the effects of the slander, and generally tying up the properties and Makary's equity in the

properties.

WHEREFORE, based on the foregoing allegations, Makary respectfully requests and prays that the Court enter judgment in his favor and against Steelcast Limited, awarding Makary all damages he is entitled to, including but not limited to compensatory damages, the reasonable value of his special damages, attorney's fees and punitive damages as a result of Steelcast Limited's malicious conduct.

**COUNT II**
**(Abuse of Process)**

21.     Makary re-alleges and incorporates by reference Paragraphs 1 through 21 of these Counterclaims as though the allegations have been fully set forth in this Paragraph.

22.     Steelcast Limited filed false claims for Constructive Trust and recorded a Lis Pendens against Makary's personal properties in Illinois and Florida based on those baseless Constructive Trust claims.

23.     Steelcast Limited's use of Constructive Trust claims and the corresponding Lis Pendens has been perverted to accomplish the ulterior and wrongful purpose for which those legal proceedings were not designed.

24.     Steelcast Limited has misused and abused the process of filing false equitable Constructive Trust claims and a corresponding Lis Pendens against Makary's personal properties in Illinois and Florida in an attempt to induce and to force Makary and his family to become fatigued by this litigation and to pay the money that Steelcast Limited believes it is owed.

25.     As a direct and proximate cause of Steelcast Limited's intentional and malicious misuse and abuse of legal procedures, Makary has suffered compensatory, economic and other damages in many ways, including emotional distress, pain and suffering, the diminution of fair market value, delays in selling the properties, inability to re-finance mortgages, continuous legal fees and other litigation expenses to remove the effects of the slander. Steelcast Limited's

intentional and malicious misuse and abuse of legal procedures also has directly and proximately tied up the properties and Makary's equity in the properties.

WHEREFORE, based on the foregoing allegations, Makary respectfully requests and prays that the Court enter judgment in his favor and against Steelcast Limited, awarding Makary all damages he is entitled to, including but not limited to compensatory damages, the reasonable value of his special damages, attorney's fees and punitive damages as a result of Steelcast Limited's malicious conduct.

## JURY DEMAND

Makary hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure as to all issues raised and claims asserted for which a jury trial is allowed.

DATED: August 20, 2019                          Respectfully submitted,

                                                **VAUGHN MAKARY**

                                                BY:___/s/ Isaac J. Colunga_____
                                                          One of its Attorneys

Isaac J. Colunga
Nicholas A. Casto
**ICE MILLER LLP**
200 West Madison Street
Suite 3500
Chicago, IL  60606
(312) 726-7157
isaac.colunga@icemiller.com
nicholas.casto@icemiller.com

*Counsel for Defendant Vaughn Makary*

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that on August 20, 2019 he caused the foregoing to be filed in the U.S. District Court for the Northern District of Illinois and thus a copy of this pleading will be served on all counsel of record by the Clerk's ECF/CM system.

                                                            _____ /s/ Isaac J. Colunga_____