IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEELCAST LIMITED, an Indian Corporation, as a member of STEELCAST LLC, an Illinois LLC, and Derivatively on behalf of Steelcast LLC | Case No. 17-CV-06623 |
| Plaintiff | Honorable Young B. Kim |
| v. | |
| VAUGHN MAKARY, | |
| Defendant. | |
| VAUGHN MAKARY, | |
| Counter-Plaintiff | |
| v. | |
| STEELCAST LIMITED, an Indian Corporation, | |
| Counter-Defendant | |

**DEFENDANT VAUGHN MAKARY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

Defendant Vaughn Makary ("Makary"), by and through his counsel Ice Miller LLP, hereby submits the following Response in Opposition to Plaintiff's Motion to Dismiss Makary's counterclaims.

**INTRODUCTION**

This lawsuit is a very simple action for money damages arising out of the parties' business dealings in the steel industry. Plaintiff Steelcast Limited alleges that Makary did not pay Plaintiff money relating to a now-defunct business the parties had together, and Makary has

denied those allegations. The lawsuit has absolutely nothing to do with Makary's personal real estate whatsoever.

Nevertheless, in a blatant attempt to exert undue pressure on Makary, Plaintiff asserted baseless "constructive trust" claims against Makary, alleging that the money he supposedly owes Plaintiff was used to acquire or improve his personal residences in Illinois and Florida. He then filed *lis pendens* notices on those properties, falsely stating not only that this lawsuit relates to Makary's real estate, but that the nature of the lawsuit is a mortgage foreclosure. As a result of Plaintiff's tactics, Makary's title to his property is clouded until the *lis pendens* are removed, and he cannot enjoy the full use of his properties until this suit is resolved.

It is abundantly clear that Plaintiff falsely published the *lis pendens* notices to try to force Makary into a position where he feels compelled to enter into an unfair settlement agreement just so his properties are no longer encumbered. This is a flagrant abuse of the judicial process. There is no reason why Makary's personal real estate should be involved in this litigation. Plaintiff makes no allegations that anyone besides Makary has an ownership interest in those properties—it simply speculates that maybe Makary used some money from the parties' business to purchase or improve his real estate. Accordingly, Makary has alleged counterclaims for slander of title and abuse of process against Plaintiff.

Plaintiff contends in its motion to dismiss that its *lis pendens* cannot constitute slander on title, despite the fact that its constructive trust claims are knowingly baseless, because they represent "an absolutely privileged act which cannot be the basis for slander." (Mot. ¶ 2.) Plaintiff's slander of title arguments are wrong for two reasons. First, Plaintiff fails to mention that the *Gorman-Dahm* case on which it relies makes clear that the absolute privilege only applies if the underlying litigation referenced by the *lis pendens* makes allegations affecting

2

some ownership interest in the subject property, which Plaintiff's complaint does not. Second, the *lis pendens* Plaintiff recorded against Makary's residences falsely state that the nature of the action is a "lien foreclosure." This is absolutely false—the *lis pendens* relate solely to this litigation, which is an action for money damages unrelated to Makary's residences or any foreclosures thereon.

Finally, because Plaintiff's argument for dismissal of the abuse of process claim wholly relies on its meritless arguments for dismissal of the slander of title claim, its motion should be denied as to Count II as well.

## ARGUMENT

### I. Plaintiff's *Lis Pendens* Do Not Affect An Interest In Makary's Residences.

In moving to dismiss Makary's slander of title claim, Plaintiff's primary argument is that the claim is absolutely privileged. Plaintiff relies on the Illinois Appellate Court's decision in *Gorman-Dahm v. BMO Harrison Bank, N.A.*, 2018 IL App (2d) 170082 to support its motion, but fails to recognize is that the absolute privilege only applies if "the underlying litigation makes allegations affecting some ownership interest in the subject property." 2018 IL App (2d) 170082, ¶ 28 (citing *Ringier America, Inc. v. Enviro-Technics, Ltd.*, 284 Ill. App. 3d 1102, 1105 (1st Dist. 1996)). This lawsuit is not about an alleged ownership interest in Makary's real property. Plaintiff never alleges an ownership interest at all. Rather, Plaintiff alleges that he is entitled to money damages, and he is wrongfully seeking constructive trust claims on Makary's properties as a remedy for the purely monetary injuries he alleges. This is totally wrong.

The facts of *Gorman-Dahm* illustrate the difference between this case and a case in which the slander of title privilege applies. In *Gorman-Dahm*, a bank filed a mortgage foreclosure action against John and Kathleen Gorman, obtained a judgment of foreclosure and sold the

3

property to the defendant bank. 2018 IL App (2d) 170082, ¶¶ 4-8. The defendant then published a sheriff's deed reflecting the sale of the entire property. *Id.* ¶ 12. The plaintiff, John and Kathleen's representative, filed a lawsuit alleging slander of title based on the defendant's failure to indicate in the sheriff's deed that only an "undivided half interest" of the property was sold. *Id.* ¶¶ 7, 14-16. Plaintiff alleged the defendant knowingly and intentionally misrepresented its interest in the property. *Id.* ¶ 16. The court found that because the sheriff's deed was a "communication made in the course of litigation affecting an ownership interest in the subject property," and because "[t]he recording of a sheriff's deed result[ed] from a mortgage foreclosure action," its publication was privileged. *Id.* ¶ 29.

This case is different. This litigation relates to a business dispute between Plaintiff and Makary that in no way "affect[s] some ownership interest in the subject propert[ies]." 2018 IL App (2d) 170082, ¶ 28. Plaintiff simply says (incorrectly) that Makary owes it money. (*See* Dkt. # 61 ¶¶ 22-26.) There is no underlying mortgage foreclosure or other legal action that has any relation to Makary's residences in Illinois or Florida. Allegations regarding Makary's residences do not come in until Plaintiff alleges, on information and belief and without any support, that it is entitled to constructive trusts on those properties because Makary used funds he should have paid to Plaintiff to purchase and/or renovate them. (*See* Dkt. # 61 ¶¶ 27-40.) These allegations are not "pertinent and material to the matters in controversy," as they have nothing to do with the actual dispute in this case. *Gorman-Dahm*, 2018 IL App (2d) 170082, ¶ 26 (quoting *Harrell v. Summers*, 32 Ill. App. 2d 358 (4th Dist. 1961)). Instead, they are simply a means to secure money from Makary to pay a hypothetical judgment on the fiduciary duty claims.

Even if Makary *did* use money he owed Plaintiff from their business dealings to purchase or improve real estate, as Plaintiff falsely alleges on information and belief, there is nothing that

4

would prohibit him from doing so. This is not a fraudulent transfer case. There was no judgment against Makary at the time of purchase or renovation of his residences, and Plaintiff does not allege that Makary failed to retain sufficient funds to satisfy a judgment in this case after he spent the money (and any such allegations would be completely baseless). If Plaintiff proves its case and obtains a judgment against Makary—and there is no evidence to support such a judgment—then it can go through the usual procedures for collecting the judgment. But Plaintiff cannot do an end-run around the collection process by simply tacking constructive trust claims onto his breach of fiduciary duty complaint. There is no authority that would allow a plaintiff to put a cloud on a defendant's unrelated real estate at the very outset of the litigation just because that plaintiff thinks it may be entitled to money at some time in the future.

The reality is Plaintiff's constructive trust claims are nothing more than Plaintiff's attempt to coerce Makary into an unfair settlement by improperly tying up his title to his real estate. Plaintiff has absolutely no claim to the residences and it's ridiculous that it filed *lis pendens* claims as a result of this simple business dispute. If an absolute privilege were to apply in this case, it would mean that any plaintiff seeking any sort of money damages could allege (on information and belief without any factual support) that funds owed to it were used to purchase or improve real estate, and the assets would be frozen throughout the duration of the lawsuit. Neither *Gorman-Dahm* nor any other authority supports this untenable position.

## II. Plaintiff's *Lis Pendens* Misstate The Nature Of The Litigation.

Plaintiff's slander of title claim is not absolutely privileged for the separate and independent reason that the *lis pendens* currently clouding Makary's title to his properties is completely false. While Plaintiff has filed suit against Makary alleging claims for breach of fiduciary duty and constructive trust, as Makary alleges in his Counterclaims, the *lis pendens*

5

notice at issue "describ[es] the nature of the action as a 'Lien foreclosure." (Dkt. # 70 ¶ 14; *id.* Ex. 1, Sched. B, Part II, § J) ("Nature of Action: Lien foreclosure"). As the Court knows, this is not true. Nowhere does Plaintiff allege that it, or anyone else, ever filed a suit for lien foreclosure against either of Makary's residences. Plaintiff only asserts claims for breach of fiduciary duty and constructive trust.

A false *lis pendens* is not privileged. In *Ringier*, another case on which Plaintiff relies, the court explained:

> An essential element of a cause of action for slander of title is that the statements used be both false and malicious. Because the *lis pendens* notice does no more than accurately inform its reader of the existence of the counterclaim, it was in no sense "false" and cannot form the basis of liability.

284 Ill. App. 3d at 1106 (internal citations omitted). In other words, if the statements in the *lis pendens* do not "accurately" inform the reader of the underlying claim, it is "false" and not entitled to privilege protection. In this case, the *lis pendens* does not state that the nature of this action is breach of fiduciary duty and constructive trust. Instead it misrepresents that this is a lien foreclosure action. Therefore, the absolute privilege, which is Plaintiff's only basis for dismissal of the slander of title counterclaim, does not apply.

### III. Plaintiff's Conduct Represents Abuse Of Process.

Plaintiff's motion to dismiss Makary's abuse of process claim in Count II should also be denied. As Plaintiff points out, "[u]nder Illinois law, '[t]he *only* elements necessary to plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings.'" *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 757 (7th Cir. 2015) (quoting *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 165 (2d Dist. 2004)) (emphasis in original). Makary has alleged more than enough to satisfy both elements. Plaintiff's sole argument for dismissing

6

Makary's abuse of process claim is that because—according to Plaintiff—the Counterclaim fails to allege slander of title, there could be no improper use of legal process. (Mot. ¶ 4.) But, as explained above, Makary has sufficiently pleaded a claim for slander of title, citing Plaintiff's meritless constructive trust claims and alleging Plaintiff's ulterior motive to tie up Makary's properties in order to apply pressure on Makary and his family. Because Makary has adequately stated a slander of title claim, Plaintiff has no argument for dismissal of the abuse of process claim. Therefore Count II should stand as well.

DATED: September 30, 2019                           Respectfully submitted,

                                                    **VAUGHN MAKARY**


                                                    BY:      /s/ Isaac J. Colunga
                                                             One of its Attorneys

Isaac J. Colunga
Nicholas A. Casto
**ICE MILLER LLP**
200 West Madison Street
Suite 3500
Chicago, IL  60606
(312) 726-7157
isaac.colunga@icemiller.com
nicholas.casto@icemiller.com

*Counsel for Defendant Vaughn Makary*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that on September 30, 2019 he caused the foregoing to be filed in the U.S. District Court for the Northern District of Illinois and thus a copy of this pleading will be served on all counsel of record by the Clerk's ECF/CM system.

/s/ Nicholas A. Casto

C\1395087.2