# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEELCAST LIMITED, an Indian Corporation, as a member of STEELCAST LLC, an Illinois LLC, and derivatively on behalf of STEELCAST LLC, | No. 17 CV 6623 |
| Plaintiff, | |
| v. | Magistrate Judge Young B. Kim |
| VAUGHN W. MAKARY, | |
| Defendant. | |
| VAUGHN W. MAKARY, | |
| Counter-Plaintiff, | |
| v. | |
| STEELCAST LIMITED, an Indian Corporation, | |
| Counter-Defendant. | October 7, 2019 |

## MEMORANDUM OPINION and ORDER

Plaintiff/Counter-Defendant Steelcast Limited, as a member of and derivatively on behalf of Steelcast LLC ("SLLC"), brings this action against Defendant/Counter-Plaintiff Vaughn W. Makary, claiming that Makary breached his fiduciary duties to Steelcast Limited. Makary in turn filed counterclaims, alleging slander of title and abuse of process based on what he characterizes as Steelcast Limited's "baseless claims" for constructive trust and the recording of *lis pendens*

notices against Makary's personal residences. Before the court is Steelcast Limited's motion to dismiss Makary's counterclaims. For the following reasons, the motion is granted:

**Background**

Taking Makary's allegations as true at the pleadings stage and drawing all reasonable inferences in the light most favorable to Makary, *see Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997), SLLC sold steel castings in the United States, which Steelcast Limited manufactured in India, (R. 70, Makary's Countercl. ¶ 5). Steelcast Limited and Makary & Associates, Inc. were SLLC's only members, and Makary served as SLLC's manager. (Id.) Makary did not receive any compensation for serving as the manager, and SLLC rarely realized a profit. (Id.)

In May 2015 the parties agreed to dissolve SLLC. (Id. ¶ 7.) At that point SLLC had no cash. (Id. ¶ 8.) Nonetheless, Steelcast Limited demanded that Makary pay $109,907.60 for allegedly collected receivables it is owed. (Id. ¶ 7.) For his part, Makary demanded that Steelcast Limited reimburse SLLC for United States taxes that SLLC had paid on Steelcast Limited's behalf. (Id. ¶ 10.)

To recover money allegedly owed to it, Steelcast Limited filed this lawsuit claiming that Makary breached his fiduciary duties owed to it. (Id. ¶¶ 12-13; see also R. 61, Second Am. Compl. ("SAC") ¶¶ 15-16, 22-40.) "[T]o apply pressure in this litigation," Makary asserts that Steelcast Limited also filed four constructive trust claims on his personal residences in Illinois and Florida. (R. 70, Makary's Countercl. ¶¶ 13, 24-40.) Steelcast Limited then recorded *lis pendens* against Makary's

residences on November 3, 2017, "recording notice of this litigation against Makary for breach of fiduciary duty, [and] describing the nature of the action as a 'Lien foreclosure.'" (Id. ¶ 14 & Ex. 1 at 6.) Makary then filed counterclaims alleging counts of slander of title and abuse of process. (Id. ¶¶ 1-2, 27-40.) Steelcast Limited now moves to dismiss these counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 74, Pl's. Mot. & Mem.)

**Analysis**

In seeking to have Makary's counterclaims dismissed under Rule 12(b)(6), Steelcast Limited argues that: (1) the recording of *lis pendens* to give notice of constructive trust claims is an "absolutely privileged act" shielding them from liability for slander of title; and (2) the filing of constructive trusts and *lis pendens* does not constitute an "irregular use of the judicial process" for an abuse of process claim. (R. 74, Pl.'s Mem. at 2-3.) A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, *see Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997), rather than the merits of the case. Under Rule 8(a), all that is required to meet the sufficiency standard is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)) (quotation omitted). Under that standard "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements'" of the claim is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Instead, the factual allegations must give the defendants "fair notice of what the claim is and the grounds upon which

it rests." *Twombly*, 550 U.S. at 555 (quotation omitted). The allegations must also be facially plausible, meaning that they provide enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**A.    Slander of Title Counterclaim**

To state a claim for slander of title under Illinois law,[1] a plaintiff must prove a "false and malicious publication, oral or written, of words which disparage [its] title to property resulting in special damages." *Ringier Am., Inc. v. Enviro-Technics, Ltd.*, 284 Ill. App. 3d 1102, 1104-05 (1996) (internal quotations and citation omitted). "Malice" is defined as knowledge that "the disparaging statements were false or that the defendant made the statements in reckless disregard of their falsity." *Id.* at 1105. Steelcast Limited argues that the filing of *lis pendens* cannot give rise to liability for slander of title because such notices "do[] no more than accurately inform [the] reader of the existence of" claims. (R. 74, Pl.'s Mem. at 2.) As a result, statements in *lis*

---

[1] Makary does not specify whether he is asserting counterclaims in violation of Illinois or Florida law, or both. (See R. 70, Makary's Countercl. ¶¶ 16-25.) And neither party analyzes choice-of-law issues. (See R. 74, Pl.'s Mem. at 2-3 (citing cases applying Illinois law to both counts without analysis); R. 76, Makary's Resp. at 3-6 (same).) Regardless, slander of title is not appreciably different under Florida law, where the claim requires "an injurious falsehood, such as malicious publication of false statements concerning title to one's property." *Procacci v. Zacco*, 402 So. 2d 425, 426 (Fla. Dist. Ct. App. 1981). Nor is an abuse of process claim, which under Florida law requires: "(1) that the defendant made an illegal, improper, or perverted use of process; (2) that the defendant had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and (3) that, as a result of such action on the part of the defendant, the plaintiff suffered damage." *S & I Invs. v. Payless Flea Mkt., Inc.*, 36 So. 3d 909, 917 (Fla. Dist. Ct. App. 2010).

4

*pendens* are "in no sense 'false'" and are absolutely privileged, according to Steelcast Limited. (Id. (quoting *Ringier*, 284 Ill. App. 3d at 1106).)

For support Steelcast Limited relies upon Illinois decisions recognizing "a narrow class of cases" extending the absolute privilege to statements in *lis pendens*, "provided the underlying litigation makes allegations affecting some ownership interest in the subject property." *Ringier*, 284 Ill. App. 3d at 1105-06 (noting that the Florida law is the same and citing *Procacci*, 402 So. 2d at 426); *Gordon-Dahm v. BMO Harris Bank, N.A.*, 2018 IL App (2d) 170082, ¶ 28. Even when such statements are made with malice, the privilege "provides complete immunity from civil action . . . because public policy favors the free and unhindered flow of such information." *Ringier*, 284 Ill. App. 3d at 1105. The court in *Ringier* reasoned:

> It would be anomalous to hold that a litigant is privileged to make a publication necessary to bring an action but that he can be sued for defamation if he lets anyone know that he has brought it, particularly when he is expressly authorized by statute to let all the world know that he has brought it.

*Id.* at 1106 (quoting *Albertson v. Raboff*, 46 Cal. 2d 375, 380 (1956)); *see also Gordon-Dahm*, 2018 IL App (2d) 170082, ¶ 28 (accord).[2]

Makary tries to distinguish the case law cited by Steelcast Limited, arguing that the present case "has absolutely nothing to do with [his] personal real estate whatsoever." (R. 76, Makary's Resp. at 2.) Makary contends that this case centers

---

[2] Under Florida law, "lis pendens is merely a statutorily authorized reproduction of pleadings in a judicial proceeding." *See Procacci*, 402 So. 2d at 428. Thus, because pleadings are absolutely privileged, "logically the statutorily authorized republication of such pleadings should likewise be privileged." *Id.* (internal quotations and citation omitted).

5

on fiduciary duty claims, not an ownership interest in his real property or even a fraudulent transfer. (Id. at 4-5.) Thus, Makary argues that the statements in the *lis pendens* do not "affect[] some ownership interest in the subject propert[ies]" and cannot qualify for the privilege. (Id. at 2 (quoting *Gordon-Dahm*, 2018 IL App (2d) 170082, ¶ 28).) According to him, Steelcast Limited's claims that Makary used funds owed to it to renovate his properties simply are not "pertinent and material to the matters in controversy." (Id. (quoting *Gordon-Dahm*, 2018 IL App (2d) 170082, ¶ 26).)

The court concludes that the absolute privilege applies here. The allegedly disparaging statements in the *lis pendens* relate directly to Steelcast Limited's constructive trust claims, which allege that Makary wrongfully diverted funds from SLLC toward the renovation of his personal residences in Illinois and Florida. (R. 61, SAC ¶¶ 27-40.); *see also Ringier*, 284 Ill. App. 3d at 1105-06; *Gordon-Dahm*, 2018 IL App (2d) 170082 ¶ 28. Makary acknowledges Steelcast Limited's allegations but calls those claims "knowingly baseless." (R. 76, Makary's Resp. at 2.) Despite Makary's attacks on the merits of Steelcast Limited's constructive trust claims, a motion to dismiss those claims is not before the court, and, in any event, Makary has already answered the SAC. (R. 70, Makary's Answer.) Additionally, the court has denied Makary's motion to release the *lis pendens* recorded against his Illinois residence. (R. 78; R. 79.) Where as here the allegedly false and malicious statements in the constructive trust claims are shielded by an absolute privilege, the corresponding *lis pendens* notices "enjoy[] the same protection." *See Ringier*, 284 Ill. App. 3d at 1106. Accordingly, liability for slander of title cannot attach. *Id.*

In so ruling the court also finds that the slander of title count fails to state a valid claim. "An essential element of a cause of action for slander of title is that the statements used be both false and malicious." *Id.; see also Procacci*, 402 So. 2d at 426 (requiring "an injurious falsehood" to state a claim for slander of title under Florida law). Here falsity is lacking. To be sure, a *lis pendens* simply provides notice to the public that property is involved in litigation, listing "the title of and the parties to the underlying litigation, the court in which it was brought, and a description of the property." *Kurtz v. Hubbard*, 2012 IL App (1st) 111360, ¶ 15; *see also* 735 ILCS 5/2-1901. Under Illinois law, a mere recitation of a party's claims in a lawsuit cannot be "false" or capable of "form[ing] the basis of liability" for a slander claim. *See Ringier*, 284 Ill. App. 3d at 1106.

Nevertheless, Makary argues that the *lis pendens* notices recorded here are "completely false" because they "misstate the nature of the litigation." (R. 76, Makary's Resp. at 5.) Makary claims that the notices describe the current action as a "Lien foreclosure," which this case is not, according to him. (Id. at 6.) For support Makary cites a title insurance record referring to "[a] pending court action as disclosed by a recorded notice," and describing the "Nature of Action" as a "Lien foreclosure." (R. 70, Makary's Countercl., Ex. 1 at 6.) In its reply Steelcast Limited attaches the actual *lis pendens* notices recorded in connection with this action, which describe this action as "seek[ing] the imposition of a lien against title to [certain] real estate." (R. 77-1, Pl.'s Reply, Ex. A.) Regardless, Steelcast Limited's constructive trust claims expressly seek the imposition of a constructive trust or, if the judgment

7

is not satisfied, the "foreclos[ure] [of] its equitable lien" on each of the Illinois and Florida residences. (R. 61, SAC ¶¶ 27-40.) In his motion to release the *lis pendens* recorded against his Illinois residence, Makary admits that Steelcast Limited alleges an "equitable lien . . . in Counts III and IV of the Complaint" (and now in Counts III-VI of the SAC). (R. 56, Makary's Mot. to Release at 3.) The court therefore dismisses Makary's accusations of falsity and finds that he has failed to plead a valid claim for slander of title. Accordingly, the court grants the motion to dismiss Count I in Makary's counterclaims.

**B.     Abuse of Process Counterclaim**

To prove an abuse of process claim under Illinois law, Makary must show: (1) the "existence of an ulterior motive or purpose"; and (2) an "act in the use of legal process not proper in the regular prosecution of the proceedings." *Podolsky v. Alma Energy Corp.,* 143 F.3d 364, 372 (7th Cir. 1998); *see also Commerce Bank, N.A. v. Plotkin*, 255 Ill. App. 3d 870, 872 (1994). "[P]rocess" in this context means "the literal, legal sense of something issued by the court . . . under its official seal." *Slep-Tone Entm't Corp. v. Kalamata, Inc.*, 75 F.3d 898, 908 (N.D. Ill. 2014). Merely "harassing" or "pressur[ing]" a defendant to defend itself in litigation is insufficient. *Id.* at 909 ("The institution of a lawsuit with malicious intent or the purpose to harass, on its own, does not constitute abuse of process."). Thus, to satisfy the second element, Makary must allege that Steelcast Limited "used the court's process to accomplish some result beyond the purview of the process or to compel the party against whom

8

it is used to do some collateral thing that [it] could not legally be compelled to do." *Id.* (internal quotations and citation omitted).

The court concludes that Makary has failed to state a claim for abuse of process. Makary alleges that Steelcast Limited has "misused and abused the process of filing false equitable Constructive Claims and a corresponding Lis Pendens against Makary's personal properties in Illinois and Florida in an attempt to induce and to force Makary and his family to become fatigued by this litigation and to pay the money that Steelcast Limited believes it is owed." (R. 70, Makary's Countercl. ¶ 24; see also R. 76, Makary's Resp. at 2.) Even if Makary could prove an ulterior motive or purpose, he has not satisfied the second element. *See Slep-Tone*, 75 F.3d at 909. Specifically, he has not alleged facts showing an improper use of the court's process to achieve a result "beyond the purview of the process." *Id.; see also S & I Invs.*, 36 So. 3d at 917 (requiring under Florida law that "the defendant made an illegal, improper, or perverted use of process" to state a claim for abuse of process). The Seventh Circuit, applying Illinois law, dismissed an abuse of process counterclaim based on the filing of a *lis pendens*, finding that the recording of the notice at issue "did not involve the misuse of the process of the court." *Podolsky,* 143 F.3d at 372; *see also Commerce Bank, N.A.*, 255 Ill. App. 3d at 872 (finding the second element not properly alleged where "[t]here was no allegation of any misuse of 'process' issued by the court"). This court finds the same here and therefore grants the motion to dismiss Count II of Makary's counterclaims.

## Conclusion

For the foregoing reasons, the court grants Steelcast Limited's motion and dismisses Makary's counterclaims with prejudice.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**